[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 16, 1983, the plaintiff, Lidia Ziniewicz, lent her son and then daughter-in-law, the defendant, Barbara Poleszczuk, the sum often thousand dollars. The loan was evidenced by a promissory note payable on demand. No payments were made on the note and demand for payment was not made by the plaintiff until January 5, 2002. On January 29, 2002 the plaintiff brought this action to recover the sum due under the note. The plaintiff requests a prejudgment attachment of real property owned by the defendant to secure the sum claimed due under the note.
General Statutes § 42a-3-118 (b) provides that "if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand." This action was commenced only a few weeks after demand for payment was made by the plaintiff, so clearly this action is within the six year statute of limitations period required under the first portion of the statute. The statute, however, further provides that "[i]f no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years." The statute, therefore, requires that either demand or an action on the note must occur within ten years of the last payment, if any.[1] When no payment at all is made on a demand note, an action must be commenced within ten years of its making.[2]
In this case, neither demand for payment was made, not an action brought on the note, until more than eighteen years of nonpayment had passed. The action is, therefore, time barred by the limitations period of General Statutes § 42a-3-118 (b). The court finds that the plaintiff has not shown probable cause that a judgment will be rendered in this matter in her favor. General Statutes § 52-278d (a). The prejudgment attachment sought is denied. CT Page 2518
MORAN, J.